IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CLAUDIA IBARRA PINEDA      :   CIVIL ACTION
     :
     :
          v.      :   NO.   26-2088
     :
JOHN RIFE, *et al.*      :

# ORDER

**AND NOW**, this 2nd day of April, 2026, upon consideration of Claudia Ibarra Pineda's

petition for writ of *habeas corpus* under 28 U.S.C. § 2241 (DI 1), and the government's

response in opposition thereto (DI 4), it is **ORDERED** that Ms. Ibarra's petition is **GRANTED**

for the reasons that follow:

1.      Ms. Ibarra is a native of El Salvador, who entered the United States without

inspection around 2018.  DI 1 at ¶ 1.  She has not since left the United States.  *Id.*  On March 30,

2026, DHS detained Ms. Ibarra while she was appearing in court for a pending criminal matter.

*Id.* at ¶ 3.  The government has not provided Ms. Ibarra with a bond hearing and cites 8 U.S.C.

§ 1225 as its authority for detaining her.  *Id.* at ¶¶ 5-6; DI 4 at 2-5.

2.      Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension

and detention of aliens," applies to noncitizens already in the United States and gives the

Attorney General discretion to detain or release them on bond pending a decision on their

removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the

noncitizen may request a bond hearing before an immigration judge and may be released if he

can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R.

§ 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

3.      By contrast, Section 1225 of the INA, titled "Inspection by immigration officers;

expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2). Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

4.    On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the BIA's *Hurtado* decision, BIA concluded that resident noncitizens are subject to detention under 8 U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render noncitizens present in the United States ineligible to be released on bond.[2]  The government argues that Ms. Ibarra is not entitled to a bond hearing.  DI 4 at 5-10.  We disagree.

5.    As the government acknowledges, the "vast majority of district courts" confronted with this issue have "rejected" the government's position, including more than 250 decisions from judges in this district to date.  *Id.* at 4.  However, the government observes that the Fifth Circuit Court of Appeals recently considered this question and "agreed with the

---

[1] While the government breaks its detentions down into four categories — which they argue have "certain legal and factual distinctions" but provide no explanation of what those distinctions are — it acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over 250 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 4 at 2-3.

[2] The government also cites to *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains a nearly identical interpretation of § 1225 compared to *Hurtado*.  DI 4 at 2.

government." *Id.* (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)). As we recently did in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), and *Godinez Chavez v. Jamison et al.*, No. 26-cv-1569 (Mar. 17, 2026), we adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein and find this reasoning prevails over the reasoning relied upon in the non-binding *Buenrostro-Mendez* opinion.[3] *See, e.g.*, *Patel v. McShane*, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al.*, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Rios Porras v. O'Neill, et al.*, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Beetlestone, C.J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25- cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, 2025 WL

---

[3] We do not cite to the over 250 cases decided against the government on this issue because the government acknowledges the weight of authority against it. Rather, we cite a sample of those decisions by way of example.

3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025) (Bartle, J.); *AcostaCibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J)).

6.    Accordingly, if Ms. Ibarra is subject to detention at all, it is under 8 U.S.C. § 1226(a).  The government shall **RELEASE** Ms. Ibarra from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Friday, **April 3, 2026**;

7.    The government is temporarily enjoined from re-detaining Ms. Ibarra for seven days following her release from custody;

8.    If the government chooses to pursue re-detention of Ms. Ibarra after that seven-day period, it must first provide her with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of her removal proceedings; and

9.    Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Ms. Ibarra from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Ms. Ibarra is subject to

detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Ms. Ibarra if unforeseen or emergency circumstances arise that require her to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Ms. Ibarra.

/s/ John F. Murphy
**MURPHY, J.**